# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:11-cr-0217-LDG-CWH |
| Plaintiff, | |
| v. | |
| NICHOLAS LINDSEY, | |
| Defendant. | |

The United States has filed a motion in limine to exclude evidence of lender negligence (#50, response #52, reply #54), a motion in limine to admit business records (#58, response #61, reply #62), and a second motion in limine to admit business records (#71). Judges have broad discretion when ruling on motions in limine, see, e.g., Jenkins v. Chrysler Motors Corp., 316 F.3d 663, 664 (7th Cir. 2002), and a district court's ruling on a motion in limine is subject to change, particularly in light of developing trial considerations. See Luce v United States, 469 U.S. 38, 41-42 (1984).

Regarding evidence of lender negligence and the materiality analysis, a jury must look at the "intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end," see United States v. Peterson, 538 F.3d 1064, 1072 (9th Cir. 2008), and that "a misrepresentation may be material without inducing any actual reliance." United States v. Blixt, 548 F.3d 882, 889 (9th Cir. 2008). While this standard may preclude evidence of lender liability unless it shows that the alleged fraudulent acts or statement are not capable of influencing

a lender's decisions, the court believes that such a determination would be more appropriately made in the context of the development of the evidence at trial.

The United States has filed two motions in limine to admit business records pursuant to Rule 902(11) for certified domestic records of a regularly conducted activity, and Rule 803(6) for records of a regularly conducted activity. Defendant has opposed the first motion basically on the grounds that the government has failed to sufficiently identify all the relevant documents to allow for matching of the certifications to the proper range of documents. Defendant apparently does not contest that the records were kept in the course of a regularly conducted business activity, or that the custodians' affidavits satisfy Rule 803(6). In a document-oriented case such as this, the parties are obligated to attempt to jointly resolve any foundation aspects regarding the evidence before trial in the interest of time and efficiency, and stipulate to any resolution. The court need only address those foundational issues with genuine import. Accordingly, the parties will be ordered to attempt to resolve the foundational disputes raised in the United States' motions to admit business records, and further preliminarily identify any aspects in which the records in question would not arguably fall under the Rule 803(6) business records hearsay exception, or that the proffered certifications are insufficient as regards the business records exception.

THE COURT HEREBY ORDERS that the United States' motion in limine to exclude evidence of lender negligence (#50) is DENIED without prejudice as explained above.

THE COURT FURTHER ORDERS that, regarding the United States' motions in limine to admit business records (#58 and #71) and in the interests of trial efficiency, the parties shall have until March 27, 2013, to make a genuine effort to resolve the foundational disputes raised in the United States' motions to admit business records, and further preliminarily identify any aspects in which the records in question would not arguably fall under the Rule 803(6) business records hearsay exception, or that the proffered certifications are insufficient as regards the business

records exception.  The parties shall file a joint status report or stipulation regarding these efforts no later than March 28, 2013.

DATED this ____ day of March, 2013.

_____
Lloyd D. George
United States District Judge